NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-880

COMMONWEALTH

vs.

LYNN A. LODOVICO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury convicted the defendant, Lynn A. Lodovico, of wantonly or recklessly committing or permitting another to commit abuse, neglect, or mistreatment of an elder, in violation of G. L. c. 265, § 13K (d 1/2).  The defendant appeals, contending that the evidence presented at trial was insufficient to support a conviction based on the theory of guilt on which the jury were instructed.  The Commonwealth concedes that the defendant's conviction should be reversed but argues that the defendant may be retried on the theory that the Commonwealth presented at trial but that was not submitted to the jury.  We reverse the conviction, set aside the verdict, and order the entry of a judgment for the defendant.

Discussion.  1.  Sufficiency of the evidence.  We may not affirm a criminal conviction "on the basis of a theory not presented to the jury," even if "there was sufficient evidence to establish an alternative theory of the crime."  Commonwealth v. Pfeiffer, 492 Mass. 440, 451 (2023), quoting Chiarella v. United States, 445 U.S. 222, 236 (1980).  In this case, the Commonwealth proceeded on the theory that the defendant's own conduct constituted neglect and concedes that it did not present evidence in its case-in-chief that the defendant permitted another to neglect the victim.  The parties also agree that the jury were, inexplicably, instructed solely on the "permitted another" theory.  Neither party objected to the instruction as given.

Because the defendant did not move for a required finding of not guilty as to the "permitted another" theory,[1] we review the defendant's sufficiency claim for a substantial risk of a miscarriage of justice.  See Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986).  Under the familiar Latimore standard, we review the Commonwealth's evidence "in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond

_____

[1] The defendant did move for a required finding of not guilty on the Commonwealth's original theory after the Commonwealth rested, and renewed that motion at the close of all the evidence.  Both motions were denied.

2

a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under the substantial risk of a miscarriage of justice standard, however, "our analysis of the defendant's argument would not be limited to the Commonwealth's case but would be based upon all the evidence." Commonwealth v. Crimmins, 46 Mass. App. Ct. 489, 492 n.5 (1999).

The Commonwealth suggests that the defendant's husband, who testified for the defense, provided sufficient evidence that the defendant permitted him to neglect the victim. We are not persuaded. The defendant's husband did not implicate the defendant at any point during direct or cross-examination; in fact, he repeatedly denied that the defendant directed the victim's care in any way. The record simply does not support the theory that the defendant permitted her husband, or anyone else, to neglect the victim. See Latimore, 378 Mass. at 677-678 ("it is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt").

2. Remedy. "[T]he Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence." Commonwealth v. Tinsley, 487

3

Mass. 380, 389 (2021), quoting United States v. DiFrancesco, 449 U.S. 117, 131 (1980).  The Commonwealth suggests that the defendant may be retried on its original theory because it presented sufficient evidence at trial that the defendant herself neglected the victim.  To be sure, so long as the Commonwealth presents sufficient evidence of a defendant's guilt at a first trial, if the defendant must be retried because of prejudicial error or a hung jury, double jeopardy principles do not bar retrial.  See Commonwealth v. Davis, 487 Mass. 448, 462 (2021); Corson v. Commonwealth, 428 Mass. 193, 196 (1998).  But this exception to the prohibition against double jeopardy does not apply where the evidence at trial was insufficient to sustain the verdict rendered.[2]

Rather, this case is governed by Commonwealth v. Ferrara, 496 Mass. 483 (2025), on which the defendant correctly relies. In Ferrara, as here, the defendant was charged with a crime (there, defacement of a firearm) that could have been proven by either of two theories (that the defendant intentionally defaced the firearm or that the defendant knowingly received a defaced firearm).  See id. at 488.  In Ferrara, as here, the jury were

---

[2] In Commonwealth v. Severino, 106 Mass. App. Ct. 170 (2025), which the Commonwealth cites for the proposition that "the defendant may be retried only on the theory or theories for which there was sufficient evidence at the first trial," id. at 172, the jury were instructed on both theories of liability that the court analyzed for sufficiency.  See id. at 171, 179-184.

4

instructed on only one of those theories (intentional defacement by the defendant).  See id.  In Ferrara, as here, the jury found the defendant guilty, but the evidence was insufficient to sustain the conviction under the theory on which they were charged.  See id. at 488-489.  And in Ferrara, as here, the Commonwealth argued that the evidence at trial was sufficient to prove a violation under a different theory.  See id. at 488. The court nonetheless held that "absent any evidence proving the theory upon which the jury were instructed, . . . the conviction must be reversed."  Id. at 489.  Consequently, the court ordered the entry of a judgment of not guilty.  See id.  The defendant is entitled to the same remedy here.

Conclusion.  The judgment of conviction is reversed, the verdict is set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Massing, Shin & D'Angelo, JJ.[3]),

Clerk

Entered:  July 22, 2026.

---

[3] The panelists are listed in order of seniority.

5